{¶ 44} I respectfully dissent from the majority opinion. Under Terry v. Ohio (1968), 391 U.S. 1, 88 S.Ct. 1868, a police officer may stop and investigate unusual behavior, even without probable cause to arrest, if he has sufficient evidence to reasonably conclude that criminal activity is afoot. The officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion." Id. at 21. An investigatory stop "must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity." United States v. Cortez (1981), 449 U.S. 411, 417,101 S.Ct. 690.
 {¶ 45} Based on Officer Martin's observations earlier in the day, coupled with the appellant's erratic driving and the fact that the appellant stopped his car mid-street to converse with three other males near a corner well known to the officer for trafficking in drugs, I believe there existed reasonable suspicion to stop the appellant, and the motion was properly denied. Further, I believe that the search of appellant's person was justified based on the totality of the circumstances and that the officer properly surmised that the appellant was about to be engaged in criminal activity when he was stopped. I would affirm the decision of the trial court.